NOT DESIGNATED FOR PUBLICATION

No. 128,960

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of J.D.,
a Minor Child.

MEMORANDUM OPINION

Appeal from Johnson District Court; KATHLEEN SLOAN, judge. Submitted without oral argument. Opinion filed July 24, 2026. Appeal dismissed.

*Jeffrey Leiker*, of Leiker Law Office, P.A., of Overland Park, for appellant.

*Shawn E. Minihan*, assistant district attorney, and *Stephen M. Howe*, district attorney, for appellee.

Before SCHROEDER, P.J., GARDNER and CLINE, JJ.

PER CURIAM:  Maternal grandfather (D.S.) appeals the district court's dispositional order in a procedurally complicated Child in Need of Care (CINC) case involving his grandson (J.D.). In the challenged order, the district court found reintegration with J.D.'s Mother and Father a viable goal. The order granted custody to the Kansas Department for Children and Families (DCF) and ordered placement with someone other than D.S. D.S. appeals the ruling placing custody of J.D. with DCF, arguing the district court failed to follow statutory requirements, abused its discretion, and ignored undisputed evidence in finding reintegration viable.

D.S. also challenges the district court's decision regarding J.D.'s placement, but placement decisions are not appealable under K.S.A. 38-2273(a).

1

"Orders addressing the *custody* of a child that are entered during the dispositional phase of a CINC proceeding are dispositional orders—one of the five types of appealable orders under K.S.A. 38-2273(a). See *In re N.A.C.*, 299 Kan. at 1119. *But orders addressing the placement of a child are not dispositional orders, and K.S.A. 38-2273(a) does not vest appellate courts with jurisdiction to review such orders.* See *In re D.M.M.*, 38 Kan. App. 2d 394, 399, 166 P.3d 431 (2007) ('If the legislature had intended to allow an order regarding a change in placement to be appealable, the legislature could have easily listed this as an appealable order under the statute.')." (Emphasis added.) *In re N.E.*, 316 Kan. 391, 405, 516 P.3d 586 (2022).

Based on events after D.S. appealed, we find his appeal moot.

When this appeal was set on our docket, we asked the parties for supplemental briefing on whether intervening events had mooted this appeal. Both parties agreed that the case had proceeded to a termination hearing and that the district court had verbally ordered the parental rights of Mother and Father to be terminated. D.S. contended in his brief filed on June 22, 2026, that no written order had yet been entered so the appeal was not moot. But the State's later brief attached a copy of the district court's order, filed June 30, 2026, ordering the Termination of Parental Rights (TPR). The State's brief contended, without citing authority, that this mooted the appeal. D.S.'s contention that this case is not moot because no TPR order has been entered is defeated by the fact that a written TPR order has now been filed.

Yet D.S. also contends that mootness is a prudential and not a jurisdictional doctrine. He notes that in this expedited case, he filed an emergency motion asking this court to stay the district court proceedings pending appeal, citing K.S.A. 60-262(f), and we denied that motion. Our record reflects no such motion, although we stayed D.S.'s briefing date pending completion of the transcript from the dispositional hearing. At any rate, proceedings in the district court were not stayed.

Kansas courts do not have the constitutional authority to issue advisory opinions. *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 898, 179 P.3d 366 (2008). Instead, courts are called on to decide concrete questions that will have an actual impact on the parties before us. So even if a court case begins with an active dispute, courts will generally not continue to hear the case if the issues presented become moot. *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020).

Neither party cites authority for their position that the TPR does or does not moot an appeal challenging adjudication and disposition. Nor has our research found any cases directly on point. Still, this court has found that an appeal of a temporary custody order was rendered moot by the district court's adjudication and disposition orders. *In re A.E.S.*, 48 Kan. App. 2d 761, 764, 298 P.3d 386 (2013). There, we thus declined to consider M.S.'s arguments on the sufficiency of the evidence under an exception to the mootness doctrine because the order of disposition concluded the evidentiary issues. "Any further consideration of such issues," the court stated, "would be case specific and would not implicate any exception to the mootness doctrine. Such consideration would simply result in an advisory opinion which we decline to render." 48 Kan. App. 2d at 766.

K.S.A. 38-2273(a) governs appellate jurisdiction under the Revised Kansas Code for the Care of Children, K.S.A. 38-2201 et seq. That statute limits appealable orders to any order of temporary custody, adjudication, disposition, finding of unfitness, or termination of parental rights. An order that does not fit within these five categories is not appealable. *In re N.E.*, 316 Kan. at 402. The orders listed in this jurisdictional statute are sequential. The dispositional phase ends once a TPR order is entered. See *In re N.E.*, 316 Kan. at 415-16 ("'Notably absent [from the statute limiting the actions that a court can take posttermination, K.S.A. 38-2269(g)(2),] is the authority to enter a dispositional order' under K.S.A. 38-2255. . . . 'This, of course, makes sense because when parental rights have been terminated, it is necessarily true that the district court is no longer doing

3

what the disposition phase requires: weighing whether the parent should have custody and, if not, whether reintegration is possible. That ship has sailed.'" [quoting *In re N.A.C.*, 299 Kan. 1100, 1120-21, 329 P.3d 458 (2014)]); see also *In re K.G.*, No. 128,535, 2025 WL 3188331, at *7 (Kan. App. 2025) (unpublished opinion) (applying *In re N.E.* and *In re N.A.C.* in concluding that order appointing a substitute permanent custodian was not appealable under K.S.A. 38-2273[a]), *rev. granted* 321 Kan. 789 (2026).

Just as an order of temporary custody becomes moot when the court orders adjudication and disposition orders, as in *In re A.E.S.*, an adjudication and disposition order, such as D.S. challenges in this appeal, becomes moot when the court finds parents unfit and orders a TPR. Thus, orders that a child is in need of care and is in DCF's custody are superseded by a TPR which grants consent for the child's adoption. The court's TPR order here grants the sole consent for adoption of J.D. to DCF.

D.S. also contends that the absence of a stay should not, by itself, compel a finding that review is unavailable, that the dispositional order contributed to the TPR, and that procedural issues related to the district court's departure from mediation about custody and placement issues remain alive. In sum, he contends that subsequent proceedings have not been clearly shown to have rendered any decision by this court ineffectual for any purpose or that unstated exceptions apply to the mootness doctrine.

But D.S.'s premise that mootness is a prudential doctrine is overstated. To the contrary, our Supreme Court held in *State v. Phipps*, 320 Kan. 616, 619, 570 P.3d 1240 (2025), *reh. granted* October 17, 2025, that mootness is a jurisdictional bar to further consideration, and not a prudential doctrine. *Phipps* jettisoned exceptions to that doctrine altogether. Our Supreme Court then decided to rehear the *Phipps* case but has not yet done so, so the status of the mootness doctrine is currently in limbo. See Supreme Court Rule 7.06(c) (2026 Kan. S. Ct. R. at 51).

Yet even assuming that mootness remains a prudential doctrine under *State v. Roat*, 311 Kan 581, 590, 466 P.3d 439 (2020), a party invoking an exception to mootness, here D.S., bears the burden to point to specific adverse collateral consequences of the earlier order. See *State v. Montgomery*, 295 Kan. 837, 841-42, 286 P.3d 866 (2012). D.S. fails to do so here and instead asks this court to let his appeal proceed on whatever issues we decide remain justiciable. Even if this court bears the burden D.S. suggests, we find no issues over which we have jurisdiction.

Appeal dismissed.